IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DORENDA DAVIS | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-00014-RGA |
| LYONS, DOUGHTY & VELDHUIS, P.A., | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

W. Christopher Componovo, Esq., Wilmington, Delaware, Attorney for Plaintiff Dorenda Davis.

Stephen P. Doughty, Esq., Wilmington, Delaware, Ronald S. Canter, Esq., Wilmington, Delaware, Hillary Veldhuis, Wilmington, Delaware, Attorney for Defendant Lyons, Doughty & Veldhuis, P.A.

April 17, 2012
Wilmington, Delaware

1

*[signature: Richard G. Andrews]*

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to dismiss a complaint for failure to state claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (D.I. 6). The allegations of the complaint stem from a letter sent by the Defendant, a law firm, to the Plaintiff in an attempt to collect a debt.

The Defendant's letter, dated August 10, 2010, was attached to the complaint. The letter consists of one page. At the top is the law firm's letterhead, physical and e-mail address, website, and phone numbers. At the bottom are the names of two attorneys, the states in which they are admitted to practice, and the statement, "PAYMENTS CAN BE MADE ONLINE AT WWW.LDVLAW.COM." In between, there is the following text:[1]

August 10, 2010

DORENDA DAVIS
61 SAINT GEORGE TER
BEAR DE 19701

      RE:    Midland Funding LLC
                  DORENDA DAVIS
                  Account No.: 5121075051149255

Dear DORENDA Davis:

    Please be advised that this office represents Midland Funding LLC in connection with your account.

    We have been advised that your account is in default. Our client indicates that the amount due as of the date of this letter is $3,235.61 plus interest in the amount of $0.00 for a total of $3,235.61. Your balance may increase because of interest or other charges.

    At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

    If you have any questions concerning this matter or if you wish to arrange for payment, please contact our claims adjuster at 888-322-3922.

IMPORTANT NOTICE CONCERNING YOUR RIGHTS

---

[1] Spacing is not to scale, and the font is an approximation.

THIS FIRM LYONS, DOUGHTY & VELDHUIS, P.C. IS A DEBT COLLECTOR. UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, THIS FIRM WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US, IN WRITING WITHIN 30 DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT IS DISPUTED, THIS FIRM WILL OBTAIN WRITTEN VERIFICATION OF THE DEBT OR COPY OF A JUDGMENT AGAINST YOU AND MAIL THE VERIFICATION OR JUDGMENT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, THIS FIRM WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(D.I. 1, Exh. A).

Defendant's motion to dismiss the complaint for failure to state a claim under the FDCPA has been fully briefed. (D.I. 7, 8, and 9).

The Plaintiff's complaint alleges nine violations of the FDCPA. (D.I. 1, ¶ 33). In its brief, it argues for six[2] separate violations. (D.I. 8, pp. 5-12). Essentially, the six violations are said to be based on three sets of facts: (1) the collection letter gives the impression that it is from an attorney and a lawsuit is imminent, when in fact no attorney had involvement in the letter and no lawsuit was contemplated; (2) the letter does not adequately identify to whom the debt was currently owed; and (3) the letter threatened that the Plaintiff's debt would increase if she did not pay up.

This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d).

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss for failure to state a claim, the court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. The court must then determine whether the facts alleged in the complaint are sufficient to make a "plausible claim for

---

[2] The headings in Plaintiff's brief would indicate seven different theories, but its general § 1692e argument seems to overlap with its more specific §§ 1692e(3) & 1692e(10) arguments.

relief." *Id.* at 211. The standard of plausibility is more than a mere possibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Congress enacted the FDPCA in 1977 "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute is remedial and must be construed broadly to give effect to its purpose. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

The Court analyzes alleged violations of the FDCPA under the "least sophisticated debtor" standard. *Brown v. Card Service Center*, 464 F.3d 450, 453-54 (3d Cir. 2006). The "least sophisticated debtor" is an objective standard, and "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 (3d Cir. 2000) (quoting cases).

The bulk of Plaintiff's argument flows from the letter being from a law firm, but no attorney from the firm having had any involvement in the letter or the collection matter. The Plaintiff first argues that the letter was a harassing letter under § 1692d. (D.I. 8 at 5). Debt collectors are prohibited from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Section 1692d is not intended to shield debtors from the normal embarrassment of debt collection. *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991). Debt collectors are allowed to make non-abusive statements in order to encourage payment. *Id.* The statute specifically prohibits certain harassing and abusive practices: (1) threats of violence; (2) use of obscene or profane language; (3) publication of a list of consumers who refuse to pay debts; (4) the advertisement for sale of debt; (5) causing the telephone to ring repeatedly; and (6) anonymous telephone calls. *See* 15 U.S.C. § 1692d (1)-(6). Congress has authorized courts to fill

in the gaps of harassing conduct. *See Beattie*, 754 F. Supp. at 394.

The Defendant's letter does not implicate any of the listed harassing or abusive practices, and it is not analogous, or even close to being analogous, to any of them. Defendant's motion to dismiss is granted with respect to the § 1692d allegation.

Plaintiff's second argument is that Defendant's letter violated § 1692e(3). (D.I. 8 at 6). Plaintiff contends that, because the letter had a law firm letterhead, it falsely implied her account was being reviewed by an attorney. Under § 1692e(3), a debt collector cannot falsely imply an attorney is involved, because the least sophisticated consumer would believe that the attorney's involvement meant that a lawsuit is imminent, i.e., "the price of poker has gone up." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1000 (3d Cir. 2011). A letter violates § 1692e(3) if it can be read to have two different meanings, one of which implies it is from an attorney. *Rosenau*, 539 F.3d at 223. The primary issue is thus whether the letter's disclaimer that, "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account" was sufficient to inform the least sophisticated consumer that an attorney was not involved. *Lesher*, 650 F.3d at 1001-02.

The Third Circuit has held that placing this disclaimer on the back of a collection letter sent on law firm letterhead was insufficient to inform the least sophisticated debtor "that the [firm] is acting solely as a debt collector and not in any legal capacity in sending the letters." *Id.* at 1003. The Third Circuit did not decide whether a disclaimer placed on the front of the letter would be sufficient. *See id.* at 1003 n.11.

Two Courts, however, have decided the precise issue, and both held that this sort of disclaimer, when appearing on the front of the letter, in the text, was sufficient to inform the "least

sophisticated consumer" that an attorney was not involved in sending the letter. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005); *Eddis v. Midland Funding, L.L.C.*, 2012 WL 664812, at * 8-9 (D.N.J. Feb. 28, 2012).

This Court holds that the disclaimer is sufficient. The disclaimer that an attorney has not reviewed the account is placed in the middle of a one-page letter with writing only on one side of the page. The disclaimer was itself a separate paragraph in a very short letter. The "least sophisticated debtor" standard assumes that such a debtor will read the page. The language says "no attorney" "had personally reviewed the particular circumstances" of the debtor's "account." The Court finds Defendant's letter cannot be reasonably read to imply an attorney is involved when the letter says that one is not. The Court grants defendant's motion to dismiss with respect to the § 1692e(3) allegation.

Plaintiff's third argument is that Defendant violated § 1692e(5) by falsely threatening to file suit. (D.I. 8 at 9). Defendant notes that it actually did file suit two months after the August 10 letter. (*See* D.I. 7 at 6; D.I. 9 at 4).[3] Plaintiff responds that the suit was not filed until after Plaintiff's counsel had contacted the Defendant.[4] (D.I. 8 at 9).

Debt collectors are prohibited from threatening to take action that they cannot legally take or do not intend to take. A debt collector violates § 1692e(5) when it threatens suit against the

---

[3] The Defendant provided a public record of the state court lawsuit. There is no dispute that the Court can consider such a public record in relation to the motion to dismiss, notwithstanding that it is not mentioned in the complaint.

[4] Defendant's reply brief does not acknowledge Plaintiff's statement that Plaintiff's counsel contacted the Defendant, and the allegation is not in the complaint. For the purpose of considering whether to dismiss with or without prejudice, the Court assumes that the Plaintiff could so allege if granted leave to amend.

6

debtor, although it is unable to actually file suit. *See Dutton v. Wolpoff & Abramson*, 5 F.3d 649, 657 n.9 (3d Cir. 1993). A debt collector may also violate § 1692e(5) if it threatens legal action it has no intention of taking. *See Dutton v. Wolhar*, 809 F. Supp. 1130, 1137 (D. Del. 1992).

For the same reason that the Court holds that there is no violation of § 1692e(3), the Court holds that the letter does not threaten legal action. There is no mention of lawsuits, let alone a threat of one. The Plaintiff's argument is essentially that if a debt collector/attorney uses the letterhead of an attorney, the debt collector/attorney must intend to file suit should payment not be forthcoming, or be in violation of § 1692e(5). The Court does not agree. The Court grants Defendant's motion to dismiss with respect to the § 1692e(5) allegation.

Plaintiff's fourth argument is that Defendant violated § 1692e(10) by not properly identifying the current or original creditor. (D.I. 8 at 10). The FDCPA requires an initial disclosure to state: "upon the consumer's written request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5). Debt collectors must also identify the current creditor for whom they are working. 15 U.S.C. § 1692g(a)(2).

Plaintiff cites *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2007), as support for finding Defendant did not properly identify the current creditor. In *Sparkman*, the debt collector referred to the current creditor – Bureaus – as "an agent of the current owner of your account." *Id.* at 301. This created the false perception that Bureaus, the current creditor, was actually an agent of a separate, undisclosed creditor.

Defendant's letter stated "this office represents Midland Funding LLC in connection with your account." This language is not deceptive. *See Wilson v. Quadramed Corp.*, 225 F.3d 350,

352 (3d Cir. 2000). The Third Circuit has noted that although the "least sophisticated debtor standard is low, the court should not find debt collectors liable for 'bizarre or idiosyncratic interpretations of collection notices.'" *Lesher*, 650 F.3d at 997.

The Defendant was required to identify the current creditor and notify the debtor that it would provide the name of the original creditor upon request. The Defendant's letter met both of these requirements. The Court grants Defendant's motion to dismiss with respect to the § 1692e(10) claim.

Plaintiff's fifth argument is that Defendant's letter violated § 1692f(1) by stating "[y]our balance may increase because of interest or other charges." (D.I. 8 at 11). The Plaintiff cites no case law in support of her argument. (*See id.*) A debt collector violates § 1692f(1) by falsely threatening additional charges that are not permitted by law. Plaintiff contends her balance could not increase because of interest as there was no agreement between Plaintiff and the current creditor. (*Id.*).[5] Defendant contends that the statement is true, noting that (even if there is no contractual basis for extra charges) there could be other charges such as court costs.[6] (D.I. 9 at 5). Thus, particularly taking into account the tentative "may increase," it does not appear that the statement amounts to an unfair or unconscionable means of collecting a debt.

The Third Circuit has stated that § 1692f(1) is violated when "the agreement does not expressly authorize or state law does not permit the amounts sought." *Allen ex rel. Martin v.*

---

[5] To the extent this is a factual allegation, it is not present in the complaint. To the extent this is a legal assertion, plaintiff offers no authority in support of it.

[6] The Defendant apparently filed its collection action in the Delaware Court of Common Pleas. (Its Opening Brief purports to attach documentation of the lawsuit as Exhibit 1, but the docket does not have any Exhibit 1.) The Defendant cites to Del. Ct. Com. Pl. Civ. R. 54(c) to show that court costs could be added to the amount owed.

*LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011). That does not mean, however, that the letter's language violates § 1692f(1). *See Miller v. McCalla, Raymer, Apdrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) (upholding similar language). A debtor can prove a FDCPA violation if the debtor shows that additional fees were prohibited by law. Plaintiff has not alleged any facts in the complaint that any law prohibits additional fees, and has not argued so in its brief. The Court grants Defendant's motion to dismiss with respect to the § 1692f(1) claim.

Plaintiff's sixth argument is that Defendant's letter gave Plaintiff the false belief that an attorney was involved in violation of § 1692j. (D.I. 8 at 12). Plaintiff states that the letter is on law firm letterhead and directs the debtor to the law firm's website to make payments. A debt collector violates § 1692j if it uses a form that creates a false implication that a non-existent third party is involved in the debt collection. 15 U.S.C. § 1692j. This is referred to as "flat rating" under the FDCPA. *Anthes v. Transworld Systems, Inc.*, 765 F. Supp. 162, 167-68 (D. Del. 1991).[7] "[A] defendant can be either a 'debt collector' or a 'flat rater,' but not both." *Id.* at 168.

The letter states that Defendant is a debt collector. Plaintiff alleges in her Complaint that Defendant is a "national debt collection company." (D.I. 1, ¶ 8). There is no allegation that the

---

[7] A "flat rater" is:

> [O]ne who sells to creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once. . . .. giving the impression that a third party debt collector is collecting the debt. In fact, however, the flat-rater is not in the business of debt collection, but merely sells dunning letters.

*Anthes v. Transworld Systems, Inc.*, 765 F. Supp. 162, 167-68 (D. Del. 1991) (quoting legislative history).

law firm is not actually involved in collecting debts.  Thus, Plaintiff has not alleged a "flat rating" violation under § 1692j.  The Court grants Defendant's motion to dismiss with respect to the § 1692j claim.

      For the reasons set forth above, Defendant's motion to dismiss is granted with respect to all claims.